1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

11  Johnson Bank,

12          Plaintiff,                          )          **2:12-cv-2423 JWS**

13      vs.                                       )          **ORDER AND OPINION**

14  Greenplex Investments, LLC, *et al.,*  )          **[Re: Motions at Docket 38, 39, 49]**

15          Defendants.                      )

16

## I.  MOTIONS PRESENTED

17

18      At Docket 38 Stockholder, LLC ("Stockholder"), by and through its state court-

appointed receiver and attorney, David M. Reaves, filed a motion to intervene.

19

Stockholder argues that it has a protectable interest in some of the defendants in the

20

case—Recorp Management, Inc. ("Recorp Management"), Recorp Investments, Inc.

21

("Recorp Investments"), and Recorp Partners, Inc. ("Recorp Partners"; collectively the

22

"Recorp Defendants")—as a result of an unrelated state court case filed in Maricopa

23

County Superior Court by IMH Special Asset NT 161, LLC, and IMH Special Asset 168,

24

LLC (collectively "IMH") against some of the defendants here ("IMH Action").  It would

25

like to intervene so that it can file a motion to vacate the judgment here and have the

26

opportunity to evaluate the claims against the Recorp Defendants and obtain

27

possession of the Recorp Defendants' stock certificates, which are in the possession of

28

1 Johnson Bank as a result of the execution of judgment in this case.  At docket 39, MCA
2 Financial Group, Ltd. ("MCA"), by and through Keith Bierman, joined in Stockholder's
3 motion to intervene and moved to intervene as well. MCA was appointed receiver by
4 the state court judge in the IMH Action over all assets owned or controlled by two of the
5 defendants in this case, David Maniatis ("Maniatis") and the DPM-TT Trust ("DPM-TT"),

6 Johnson Bank filed a response in opposition to both motions to intervene at
7 dockets 43 and 44.  Stockholder and MCA filed a joint reply and supplemental motion to
8 intervene under seal at docket 48.  At docket 49, Johnson Bank filed a motion to strike
9 both the reply to the extent it is filed on behalf of Stockholder and the supplemental
10 motion.  Johnson bank argues that Stockholder did not file a reply on time and its
11 attempt to avoid the missed deadline by filing jointly with MCA should not be allowed,
12 and that there is no authority for the supplemental motion.  Stockholder and MCA
13 respond to the motion to strike at docket 50.  Johnson Bank replies at docket 51.  Oral
14 argument was not requested and would not assist the court.

15                           **II.  BACKGROUND**

16 In October of 2012, Plaintiff Johnson Bank ("Johnson Bank") filed a complaint in
17 Arizona state court against numerous defendants, including Maniatis, DPM-TT, and the
18 Recorp Defendants.  The case was removed to this court in November of 2013.
19 Johnson Bank's complaint alleged that in 2005 one of the defendants, Greenplex,
20 executed two promissory notes in favor of Johnson Bank.  As partial security for
21 payment of the notes, certain defendants, including DPM-TT and Maniatis, executed
22 commercial guarantees in which they guaranteed payment of all Greenplex's
23 indebtedness to Johnson Bank.

24 The complaint alleged that Greenplex failed to pay both notes in full.  Johnson
25 Bank entered into a forbearance agreement with some of the defendants, including
26 Maniatis and DPM-TT.  The forbearance agreement provided that in exchange for
27 delaying the exercise of its default rights, Johnson Bank would secure an interest in
28 certain water rights held by some of the defendants.  Johnson Bank alleged that in the

1   forbearance agreement Maniatis promised it 75% of any proceeds resulting from the

2   sale, transfer, development, or assignment of additional water rights held by entities

3   Maniatis owned either individually or through Recorp Investments or Recorp Partners.

4   The complaint alleged that the defendants defaulted on the forbearance agreement.

5   　　　　On March 26, 2013, a stipulated judgment was filed.  Judgment against some of

6   the defendants, including Maniatis and the Recorp Defendants, was entered on

7   March 29, 2013.  Johnson Bank asserts that it recorded the judgment, and on April 18,

8   2013, through a writ of execution, the U.S. Marshals seized certain stock certificates

9   held by defendants.

10   　　　　About four months later, on August 22, 2013, Stockholder filed its motion to

11   intervene.  In the motion, Stockholder asserts that it has an interest in the case based

12   on a post-judgment stipulation in the unrelated IMH Action that was intended to satisfy

13   the judgment IMH had obtained in December of 2012 against Maniatis, individually and

14   as trustee of DPM-TT, and Faucher as trustee of DPM-TT ("IMH Debtors") after it was

15   unsuccessful in its attempt to collect through a writ of execution.

16   　　　　The post-judgment stipulation on which Stockholder relies was filed under seal

17   with the state court on February 21, 2013, and was approved that same day.  Pursuant

18   to the stipulation, IMH agreed it would forbear collection efforts against the IMH Debtors

19   during a negotiation period ending on June 26, 2013.  As part of the terms, the IMH

20   Debtors were to identify all LLCs, partnerships, and corporations in which they had a

21   membership interest or held stock.  The deadline for doing so was March 11, 2013.  For

22   each LLC and partnership, the IMH Debtors agreed to the issuance of a charging order

23   against such interest in favor of IMH.  As for the corporate stocks, the stipulation stated

24   that the "order approving this stipulation shall transfer [any corporate shares held by the

25   IMH debtors] to a limited liability company . . . created by [IMH]" and that during the

26   negotiations period, Maniatis and a court-appointed receiver over the limited liability

27   company "shall enter into a management agreement whereby Maniatis will continue to

28

-3-

1   operate the corporations on a day to day basis."[1]  Stockholder was created on March 5,

2   2013, to own and control the stock as required by the stipulation.

3          The IMH Debtors did not turn over information about their corporate holdings by

4   March 11, 2013, and did not deliver stock to Stockholder.  On March 28, 2013, IMH

5   filed a motion under seal in the IMH Action to enforce the post-judgment stipulation.

6   The IMH Debtors objected, arguing that the stipulation did not transfer actual ownership

7   of its stock to Stockholder or IMH.  In the meantime, on March 29, 2013, Johnson Bank

8   obtained judgment against Maniatis, DPM-TT, and the Recorp Defendants in the action

9   at hand and collected through a writ of execution.

10          On June 12, 2013, the judge in the IMH Action entered an order finding that the

11   IMH Debtors breached their obligations under the post-judgment stipulation by not

12   disclosing all of their relevant assets.  She also concluded that the IMH Debtors

13   breached the stipulation by settling with Johnson Bank on behalf of the Recorp

14   Defendants in this action "despite the transfer of [IMH Debtors'] stock in those

15   corporations to [IMH]."[2]  That same day, she issued an order transferring IMH Debtors'

16   stock in the Recorp Defendants to Stockholder.  Stockholder seeks to intervene in order

17   to review the claims against the Recorp Defendants and to obtain the shares of stock in

18   the Recorp Defendants that are held by Johnson Bank as a result of the judgment here.

19          On August 22, 2013, the state court judge appointed MCA, by and through Keith

20   Bierman, as general receiver over the IMH Debtors to secure IMH's judgment against

21   Maniatis and DPM-TT.  Pursuant to the order, MCA is entitled to take immediate

22   possession of all property belonging to Maniatis and DPM-TT.  MCA then filed its own

23   motion to intervene on August 28, 2013.

24

25

26

27          [1]Doc. 38-1 at p. 3.

28          [2]Doc. 38-5 at p. 3.

-4-

### III.  STANDARD OF REVIEW

Under Rule 24 of the Federal Rules of Civil Procedure, an applicant may seek intervention by right or by permission.

> A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.[3]

"Failure to satisfy any one of the requirements is fatal to the application."[4]  In determining whether a party has satisfied these four requirements, a court should be "guided primarily by practical and equitable considerations."[5]  Courts generally construe Rule 24(a) liberally in favor of intervention.[6]

If the party does not meet the requirements for intervention as of right, that party may still seek permissive intervention.  Under Rule 24(b), if based on a timely motion, "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."[7]  However, before granting permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[8]

---

[3]*Arakaki v. Cayetano,* 324 F.3d 1078, 1083 (9th Cir. 2003).

[4]*Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

[5]*Arakaki,* 324 F.3d at 1083.

[6]*See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).

[7]Fed. R. Civ. P. 24(b)(1)(B).

[8]Fed. R. Civ. P. 24(b)(3).

1

**IV.  DISCUSSION**

2
**A. Stockholder's motion to intervene**

3
        The court first considers the issue of timeliness.  As noted above, a movant is

4
not entitled to intervention by right or by permission unless the court concludes that the

5
motion to intervene is timely.  The court must consider three factors in determining

6
whether a motion to intervene is timely: "(1) the stage of the proceeding at which an

7
applicant seeks to intervene; (2) the prejudice to the other parties; and (3) the reason

8
for and length of the delay."[9]  As to the first factor, Stockholder filed its motion to

9
intervene about five months after the court entered judgment in this case.  Intervention

10
after final judgment is typically disfavored.[10]  As to the second factor, because

11
Stockholder has indicated that it will seek to vacate the judgment in this case upon

12
intervention in order to reassess the claims asserted against the Recorp Defendants,

13
the court finds that allowing intervention would prejudice the current parties by

14
prolonging the matter and threatening the settlement.[11]  As to the third factor,

15
Stockholder has not adequately explained its delay in filing the motion to intervene.

16
Delay is measured from the time the potential intervenor knew or had reason to know

17
that his interests might be adversely affected by the outcome of the litigation.[12]

18
Maniatis and DPM-TT were at all times defendants in this action.  IMH should have

19

20
        [9]*Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.* (*Cal. Toxic*),

21
309 F.3d 1113, 1119 (9th Cir. 2002).  The timeliness factors are the same under intervention by
right or by permission, although, the timeliness element is analyzed more strictly for permissive

22
intervention.  *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir.
1997).

23
        [10]*Calvert v. Hawkins*, 109 F.3d 636, 638 (9th Cir. 1997); *see also Alaniz v. Tillie Lewis

24
Food*, 572 F.2d 657, 659 (9th Cir. 1978) ("Since the motion was filed after the consent decree
was approved, the first factor weighs heavily against appellants.").

25
        [11]*See Cal. Toxic*, 309 F.3d at 1119 (upholding the district court's determination that post-

26
judgment intervention would prejudice the parties because it would "prolong the litigation,
threaten the parties' settlement, and further delay the clean up and development of [the

27
property at issue]").

28
        [12]*Id.* at 1120.

1   known about this action and known that its interest in recovering from Maniatis and
2   DPM-TT could be adversely affected in late 2012 and early 2013 when it was unable to
3   execute judgment against Maniatis and DPM-TT.  At the latest, IMH and Stockholder,
4   which was created by IMH on March 5, 2013, should have known that their interests
5   were at risk when Maniatis and DPM-TT failed to disclose their assets and turn over
6   corporate stock as they were obligated to do under the post-judgment stipulation in the
7   IMH Action.  Also, from the supporting documents filed, it is clear that Stockholder knew
8   of its claimed interest in the Recorp Defendants in March of 2013.  Stockholder offers
9   no explanation as to why it did not move to intervene earlier if it considered itself the
10  rightful owner of the Recorp Defendants.  Indeed, Stockholder does not assert that it
11  had no knowledge of Maniatis, DPM-TT, or the Recorp Defendants' involvement in the
12  dispute here.  Given the post-judgment nature of Stockholder's motion, the prejudice
13  that intervention would create, and the unexplained delay, the court concludes that
14  Stockholder's motion to intervene is untimely.  It need not consider the other elements
15  of Rule 24.[13]

16  **B. MCA's motion to intervene**

17       For much the same reasons discussed above, MCA's motion to intervene suffers
18  from timeliness problems.  As with Stockholder's motion, it was filed about five months
19  after judgment was entered, and intervention at this late stage would certainly cause
20  prejudice to the parties.  Unlike Stockholder, however, MCA argues that it has a reason
21  for its delay; namely, it did not have an interest in the case until August 22, 2013, when
22  the state court judge in the IMH Action appointed it as receiver over Maniatis and DPM-
23  TT in order to secure IMH's judgment against Maniatis and DPM-TT and investigate
24  transfers and transactions made by them.  It argues that it filed its motion to intervene
25  within four days of its appointment and so it is timely.  The court disagrees.  MCA was

26

27       [13]*United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996) ("If the court finds
    that the motion to intervene was not timely, it need not reach any of the remaining elements of
28  Rule 24.").

1 appointed receiver over Maniatis and DPM-TT in order to secure IMH's judgment

2 against them.  As discussed above, IMH did not timely pursue a motion to intervene.

3 The inclusion of MCA in IMH's collection efforts does not alter this fact.

4      Even assuming MCA's recent appointment as receiver for the purpose of

5 securing IMH's judgment against Maniatis and DPM-TT is sufficient reason to excuse

6 the five-month delay on the part of IMH and Stockholder, intervention as of right under

7 Rule 24(a) is not warranted because MCA does not have a protectable interest in the

8 case.  The state court gave MCA ownership and control over the assets of Maniatis and

9 DPM-TT as of August 22, 2013, but as of August 22, 2013, Maniatis and DPM-TT did

10 not own the assets already turned over to Johnson Bank as part of the execution of

11 judgment in this case and, therefore, MCA does not have an interest in any such

12 assets.  The court concludes that even if MCA's motion is timely, intervention by

13 permission under Rule 24(b) is also not warranted given the prejudice that would result

14 to the parties to the litigation, as discussed above.

15      As noted by Johnson Bank, "whatever violation(s) the state court judge found the

16 state court defendants to have committed with respect to the post-judgment stipulations

17 entered between the parties in the IMH Action, [MCA] is not precluded from seeking

18 other actions and remedies against those parties for their breach without interfering with

19 the bona fide rights of [Johnson Bank]."

20                    **V.  CONCLUSION**

21      Based on the preceding discussion, the motions to intervene at dockets 38 and

22 39 are **DENIED**.  Johnson Bank's motion to strike at docket 49 is **DENIED AS MOOT**.

23

24      DATED this 13th day of December 2013.

25

26                              _____
                                         /s/
27                              JOHN W. SEDWICK
                                UNITED STATES DISTRICT JUDGE

28